[Argued July 17, 1893; decided July 24, 1893.]

## JONES *v.* GATES.

[ S. C. 33 Pac. Rep. 989.]

1. NOTICE — KNOWLEDGE — PUBLIC WRITINGS.—Knowledge of a fact is always notice thereof, provided such knowledge be such as to prompt a reasonably prudent man to make inquiry which, when prosecuted, would lead him to discover the fact by which he would be affected. Idle rumors and vague suspicions are not enough, nor are general assertions made by strangers, or hearsay statements. Public writings, of course, are always notice, whether seen by the person to be affected or not.

2. ESTOPPEL.— One who advises another to purchase property without mentioning a vendor's lien which he claims thereon, is estopped from asserting it after the negotiations are completed, and the consideration paid.

Douglas County: ROBERT S. BEAN, Judge.

This is a suit by Isaac Jones against Henry Gates and John Rast to enforce a vendor's lien against certain real estate known as the Roseburg Mill Property, in Douglas County. The facts are that on the twenty-third of June, 1879, plaintiff was the owner in fee of the undivided one half of said property, which, at that date, in consideration of two thousand five hundred dollars, he conveyed to the defendant Henry Gates; that Gates, on the third of March, 1881, paid seven hundred and seventy-five dollars thereon, and on the eleventh of June, 1881, made another payment of eight hundred and ninety-one dollars and sixty-six cents; that on the fifth of October, 1886, plaintiff commenced an action in the circuit court of said county against Gates, to recover the remainder of the purchase price, and on the fifteenth of October, 1888, obtained a judgment therein for one thousand eight hundred and thirty-four dollars and eighty-four cents, and ninety dollars and eighty-five cents costs and disbursements; that

on the fifteenth of January, 1887, while said action was pending, the defendant Gates, in consideration of five thousand dollars, conveyed said premises by a warranty deed to the. defendant John Rast, subject to a mortgage of two thousand dollars in favor of Robert and Thomas R. Boggess; that at the date of said conveyance Henry Gates and plaintiff, as co-partners, were indebted to Rast in the sum of about one thousand five hundred dollars, which was credited on the purchase, and Rast paid Gates the balance of said purchase price, except the amount due on said mortgage, which was paid on the twenty-second of November, 1889; that on the twelfth of November, 1889, an execution was issued on plaintiff's judgment, which was returned by the sheriff with the endorsement thereon that no property of the defendant Gates could be found. Plaintiff alleges in his complaint herein that Rast purchased said property with full knowledge that Gates had not paid the purchase price, and that said action was pending to recover it. The defendant Rast denies these allegations, and for a separate defense alleges that at the time of the conveyance to him Gates was the owner and in possession of said premises, and that he paid a full consideration therefor; that prior to his purchase from Gates plaintiff advised him to buy said property, and said it was cheap at five thousand dollars, and that if he had the money he would purchase it himself at that price; that he acted upon this advice and purchased the property; that he paid all demands against him on account of said purchase, including said mortgage, and made improvements of the value of one thousand five hundred dollars on the property since said purchase, without notice of plaintiff's claim, and insists that plaintiff ought now to be estopped from claiming a lien thereon.

The reply denied the allegations of the answer, and the cause being at issue was referred to G. A. Taylor, Esq., to take the testimony, and the court, upon the report thereof,

rendered a decree dismissing the complaint, from which the plaintiff appeals.  Affirmed.

*William R. Willis*, for Appellant.

*J. W. Hamilton* (*Lane & Lane* on the brief), for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

Assuming, without deciding, that a vendor's lien exists in this state, has the plaintiff by clear and convincing proof established his right thereto?   Before plaintiff's lien can be decreed it must appear that Rast was not an innocent purchaser; that he did not pay a valuable consideration, or that he had notice of plaintiff's claim prior to said conveyance, or to the payment of the consideration.   The evidence shows that Rast paid five thousand dollars for the property, which was a full consideration therefor; that Gates was in possession at the time of the conveyance, and executed a warranty deed therefor; and that, as Rast testified, the payment was made before he received any notice of plaintiff's claim.   This would make Rast an innocent purchaser for a valuable consideration.

1.   Did he have any notice of plaintiff's claim prior to his purchase, or to the payment of the consideration?   A public writing is presumed to give notice of the contents thereof, whether seen by the party to be affected or not, but knowledge is information acquired by other means. Actual knowledge of the existence of a fact is equivalent to notice thereof.   This knowledge must be such as to prompt any reasonable prudent man to make inquiry, which, if prosecuted, would lead him to discover the fact with which he would be affected.   Idle rumors and vague suspicions will not answer, nor will general assertions made by strangers to the title, and resting on hearsay, be sufficient:   *Williams* v. *Miller*, 16 Iowa, 111.   No attach-

ment was issued in the action brought by the plaintiff against Gates, and hence there could be no legal notice to Rast in that proceeding. The decision, then, must turn upon the question whether Rast had such knowledge of plaintiff's claim against Gates was would cause a reasonable, prudent man to inquire into the existence of the fact. The plaintiff testified that he said to Rast at the time he commenced his action against Gates: "If I get a judgment against him I consider my property holding until it was paid for." He also testified that he referred to the property in question, and said that at the time he made the statement he intended to hold this property. The defendant Rast testified that plaintiff told him at that time he intended to commence a suit against Gates, but he understood it to be for the settlement of accounts between them as partners, and that he never understood it to be for the purchase price of the land; and that he had paid the full consideration before he ever knew that plaintiff claimed any lien upon the property. There are circumstances shown by the record which appear to corroborate this theory. Rast testified that when he was negotiating for the purchase of the property, plaintiff advised him to buy it at the price asked by Gates; that after he had made the purchase, and paid the consideration, plaintiff then told him he claimed a lien upon the premises, and Rast asked him why he had not told him of his claim at the time he was negotiating with Gates, and plaintiff said he did not think of it. Thomas Criteser testified that he was present, and heard plaintiff advise Rast to buy the property, and that he did not at that time tell Rast he claimed any lien thereon. We must conclude from this that Rast did not have such knowledge as would lead a reasonably prudent man to make inquiry concerning plaintiff's claim.

2. The defendant Rast has alleged that plaintiff advised him to buy the property without notifying him of his lien, and for that reason should now be estopped from

asserting it. The plaintiff knew about the negotiations for the purchase of the property; Rast told him he considered Gates asked too much for it, and with knowledge of these facts he advised Rast to buy it at the price demanded by Gates, without telling him anything about his claim. This was the time for the plaintiff to speak. He knew that Rast was about to purchase the property, and by remaining silent, when he should have spoken, it would seem to be inequitable to allow his claim to a lien after the negotiations were consummated and the consideration paid. Plaintiff permitted nearly ten years to run against his claim before he attempted to assert it. He allowed Gates to use the property as his own for more than seven years before it was conveyed to Rast, and thereby enabled him to acquire a credit he probably would not otherwise have obtained; and then, when the statute of limitations was about run, he commenced his suit to foreclose a secret lien. The tendency of modern legislation and decisions is strongly opposed to the creation or enforcement of secret liens. A registry system has been wisely provided to give notice of claims to real property, and conceding, for the sake of the argument, that a vendor's lien exists in this state, the plaintiff, by his delay in commencing this suit, has permitted others to deal with Gates in relation to this property in a manner which would prejudice their rights if such a stale claim could be enforced. We are satisfied that no sufficient evidence has been offered to establish the alleged lien and the decree of the court below is AFFIRMED.

BEAN, J., having tried the case in the court below took no part herein.