Argued 20 February; decided 4 May, 1901.

## MCDOUGAL v. LAME.

[ 64 Pac. 864.]

NOTICE OF UNDISCLOSED EQUITIES— DUTY OF INQUIRY.

1. Whatever is sufficient to cause a reasonably prudent purchaser of real property to inquire concerning the rights of a stranger to the title, is sufficient to charge him with notice of all facts that could be ascertained by ordinarily diligent inquiry.

EASEMENT—DITCH—CONTINUITY OF ADVERSE USE.

2. To render an adverse use of an easement continuous it need not necessarily be daily or regular, but it will be a continuous adverse use if the right is exercised as the needs of the claimant require.

IDEM.

3. Where plaintiffs claimed an easement for mining purposes in the water of a stream which contained water only during the winter season, and plaintiffs used it whenever available, the fact that they did not use the water the entire year did not prevent their adverse use from being continuous.

From Jackson : HIERO K. HANNA, Judge.

Bill by James McDougal and another against Joseph H. Lame, to enjoin the defendant from interfering with a ditch. The facts are that the plaintiffs own a ditch in Jackson County, which conducts water from Lane's Creek to their land, where it is used in operating a placer mine. About 1877 one V. S. Ralls caused a ditch to be dug for about two hundred and fifty feet across the land now owned by the defendant, but then the property of Ralls, whereby the water of Bummer Gulch was conducted into

the Lane's Creek ditch, and ever since that time the gulch water so diverted has been used every winter in operating the mine on the land now owned by the plaintiffs.    The defendant, on July 20, 1895, secured a title to his land by mesne conveyances from Ralls, but in none of the muniments in the chain of title thereto was any reservation made of a right to conduct water across it from said gulch.    It is alleged in the complaint, in substance, that for more than fifteen years prior to the commencement of this suit the plaintiffs and their grantors have constantly used the water of said gulch by means of the ditch constructed by Ralls in operating their placer mine, until the defendant, on December 7, 1897, unlawfully and wrongfully filled said ditch with brush and other material, thereby obstructing the flow of water therein, causing debris from the gulch to spread over plaintiffs' land, and depriving them of the use of the water.    The answer denies the material allegations of the complaint, and avers that when the defendant purchased his land no ditch existed where plaintiffs now assert the right to maintain one, and that he had no notice that any one had or claimed the right to conduct water across his land from Bummer Gulch.    The reply having put in issue the allegations of new matter in the answer, a trial was had, resulting in a decree for plaintiffs as prayed for, and the defendant appeals.                    Affirmed.

For appellant there was a brief over the names of *Austin S. Hammond* and *Wm. I. Vawter*, with an oral argument by *Mr. Hammond*.

For respondents there was a brief over the name of *Colvig & Reames*, with an oral argument by *Mr. A. Evan Reames*.

Mr. Justice Moore, after stating the facts, delivered the opinion of the court.

1. The only question presented by this appeal is whether the defendant, at the time he purchased his land, had such knowledge of the existence of plaintiffs' right to maintain the ditch across his premises as would amount to notice thereof. The rule is well settled in this state that whatever fact is sufficient to direct the attention of a reasonably prudent man to the prior rights and superior equities of a third party, who is a stranger to the title, so as to cause him to make inquiry in respect thereto, which, if prosecuted with ordinary diligence, must necessarily result in knowledge thereof, will be sufficient to charge a purchaser of real property, under these circumstances, with implied notice of the right and equity with which he would be affected : *Stannis* v. *Nicholson*, 2 Or. 332 ; *Bohlman* v. *Coffin*, 4 Or. 313 ; *Carter* v. *Portland*, 4 Or. 339 ; *Musgrove* v. *Bonser*, 5 Or. 313 (20 Am. Rep. 737); *Lyons* v. *Leahy*, 15 Or. 8 (3 Am. St. Rep. 133, 13 Pac. 643); *Tucker* v. *Constable*, 16 Or. 407 (19 Pac. 13); *Wood* v. *Rayburn*, 18 Or. 3 (22 Pac. 521) ; *Petrain* v. *Kiernan*, 23 Or. 455 (32 Pac. 158) ; *Exon* v. *Dancke*, 24 Or. 110 (32 Pac. 1045) ; *Jones* v. *Gates*, 24 Or. 411 (33 Pac. 989) ; *Cooper* v. *Thomason*, 30 Or. 161 (45 Pac. 296); *Ambrose* v. *Huntington*, 34 Or. 484 (56 Pac. 513).

In the light of this rule, we will examine the testimony as to such knowledge on the part of the defendant. It clearly shows that the ditch in question taps Bummer Gulch at a point near his house, runs in a southwesterly direction, and, after crossing the county road, passes through his orchard, and connects with the Lane's Creek ditch. The defendant, as a witness in his own behalf, testified that on July 20, 1895, when he purchased his land, no water was flowing in the gulch, and that there

was no ditch leading therefrom through the premises. In answer to the question, "Was there any evidence of any ditch whatever?" he replied, "No ditch inside the orchard, sure." It is quite probable that at the time the defendant purchased his land the debris from Bummer Gulch had nearly filled the ditch in places through the orchard; for he testified that at that time grass was growing where it is now insisted the ditch had been constructed, and that he thereafter cut the hay which grew thereon. His testimony in respect to the ditch through the orchard being filled is corroborated by that of Clara E. Lame, his witness, and by Fred Straub, G. W. Roland, and Augustus Penning, who were called by the plaintiffs. Straub testified that the ditch was plainly marked on the ground, and that every person passing along the highway must notice it from the bridge which spanned the same. The testimony of this witness is corroborated by that of several others, and we think it is inferentially admitted by the defendant himself, in his answer hereinbefore quoted, to the effect that, while there was no appearance of a ditch through the orchard, its existence was plainly marked upon the ground across and above the county road.

2. The plaintiffs' right to maintain the ditch is predicated upon an adverse user, exercised each mining season for more than ten years. While the rule is well settled that the title to an easement by prescription must rest upon a continuity of the use, yet, where it appears that water from a stream has been and can only be used during certain intervals occurring periodically, a right by adverse user may thus be established to continue the use : Jones, Easem. § 801. Thus, in *Hesperia Water Co.* v. *Rogers*, 83 Cal. 10 (17 Am. St. Rep. 209, 23 Pac. 196), Mr. Justice THORNTON, commenting upon this principle, says : "The

correct rule as to continuity of user, to give a presumptive right to an easement, and what shall constitute such
continuity, can be stated only with reference to the nature
and character of the right claimed. The right is not
abandoned to the use of a ditch to convey water for purposes of irrigation, because water does not flow in it every
day in the year. The party claimant does not need the
ditch every day in the year, and the law does not require
him, to constitute continuity of use, to use the water
when he does not need it. If he has used the ditch at
such times as he needed it, it is regarded by the law as
a continuous use. If a right of way over another's land
has been used for more than five years, it is not necessary,
to make good such use, that the claimant has used it every
day. He uses it every day, or once in every week, or
twice a month, as his needs require. He is not required
to go over it when he does not need it, to make his use
of the way continuous. The claimant is required to make
such reasonable use of the way as his needs require. So
it is with the ditch. If, whenever the claimant needs it
from time to time, he makes use of it, this is a continuous
use."

3. The evidence shows that no water flowed in the
gulch in the summer, and not continuously in the winter ;
but, whenever there was a sufficient quantity to be used
by the plaintiffs in mining, they have each year enjoyed
the benefit thereof, under a claim of right hostile to all
others, and by this means have acquired a title by adverse
user ; for, as was said by Mr. Chief Justice BEATTY in
*Chollar-Potosi Min. Co.* v. *Kennedy*, 3 Nev. 361 (93 Am.
Dec. 409) : " Whenever a party assumes and exercises a
right of way openly, notoriously, and continuously, without asking the consent of the owner of the land, and
without in any way manifesting, by word or deed, that
he is exercising the right as a favor or license given him

by the owner of the soil, it must be considered as exercised adversely to the owner of the land." To the same effect, see, also, *Johnson* v. *Knott*, 13 Or. 308 (10 Pac. 418); *Tolman* v. *Casey*, 15 Or. 83 (13 Pac. 669); *Coventon* v. *Seufert*, 23 Or. 548 (32 Pac. 508). The fact that the ditch was filled with debris through the orchard, if it were cleaned out and used during the mining season, would not destroy the adverse character of the use ; for, the right being predicated upon the use of the water when there was sufficient quantity in the gulch, the filling of the ditch by debris at other times would not necessarily destroy the use. It might, however, tend to defeat the plaintiffs' right if, at the time of the defendant's purchase of the land, no such evidence of the right existed as would cause him to make inquiry in respect thereto. "The open use and possession of a right of way," says Mr. Jones in his work on Easements (section 122), "is sufficient to put a purchaser of the estate over which the way exists upon inquiry. Means of knowledge is equivalent to knowledge. If a road in which an easement of way is created by deed is visible and open, the easement is binding upon a subsequent purchaser of the servient estate, although the deed creating the easement was never recorded." It may be conceded that the defendant was an innocent purchaser, and paid a valuable consideration for his land. But we think the evidence shows that the bridge on the highway, and the existence of a ditch above the county road, was of such character as to cause a prudent person to make inquiry which would have ultimately led to the fact of the existence of the plaintiffs' adverse right : 2 Pomeroy, Eq. Jur. (2 ed.), § 754; *Kyle* v. *Ward*, 81 Ala. 120 (1 South. 468); *Stokes* v. *Riley*, 121 Ill. 166 (11 N. E. 877). Believing that the preponderance of the testimony supports the findings of the trial court, its decree is affirmed.                              Affirmed.