Argued and submitted October 19, affirmed
December 24, 1979, reconsideration denied January 31,
petition for review allowed March 11, 1980

LEACH, et ux,
*Plaintiffs,*
*v.*
GUNNARSON, et ux,
*Appellants,*
*v.*
LEACH,
*Respondent.*

(No. 77-1396, CA 13659)

604 P2d 419

Ronald L. Gould, Coos Bay, argued the cause for appellants. With him on the brief was McNutt, Gant, Ormsbee, Corrigall & Gould, Coos Bay.

Dudley C. Walton, Roseburg, argued the cause for respondent. With him on the brief was Geddes, Walton, Richmond, Nilsen & Smith, Roseburg.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

## LEE, J.

Two cases were consolidated for trial. In the primary action, not subject to appeal, plaintiffs Henry and Betty Leach successfully established their right to use and maintain a spring situated on property in Douglas County. The owners of the property were defendants in the main action and also third party plaintiffs seeking damages for breach of warranty from their grantor, Wilma Leach, third party defendant. Hereinafter, those third parties are simply denominated plaintiffs and defendant.

Plaintiffs' action was for damages for breach of the warranty against encumbrances in a deed conveying real property, the asserted encumbrance being the irrevocable license for use of the spring adjudicated in the primary case. At trial, the court instructed the jury that if they found the license to be an open, notorious and visible physical encumbrance, there was no breach of warranty. The jury so found, and judgment was entered for defendants. Plaintiffs' four assignments of error[1] essentially turn on whether the court properly allowed the jury to determine whether the license was an open, notorious and visible, physical encumbrance.

In 1954, defendant and her husband[2] were owners of a 20-acre parcel of land. They sold a small piece of an adjoining parcel, which they also owned, to defendant's brother-in-law and his wife and orally granted them the right to locate, construct and maintain a spring facility. The spring was situated in a small canyon on the 20 acres, where the new neighbors built a storage basin one foot high by three feet long, with a 370 gallon storage tank (and later, another 1000 gallon tank), with a plastic pipe running for 175 feet

---

[1] Plaintiffs contend the trial court erred in (1) allowing the affirmative defense that the license was not a breach of warranty because it was an open, notorious and visible physical encumbrance; (2) instructing the jury as to breach on that basis; (3) failing to give two of plaintiffs' requested instructions; and (4) failing to direct a verdict for plaintiffs on the issue of liability.

[2] The husband died prior to the trial of this case.

across defendant's land. In 1975, plaintiffs bought the 20-acre parcel from defendant and her husband. At the time, plaintiffs were aware of the spring and knew that their neighbors used the water from it. The evidence is conflicting as to precisely what they were told about the nature of that right and to what extent plaintiffs had viewed the spring facility. The warranty deed given to plaintiffs covenanted that the property was "free and clear of all encumbrances".

At trial, the court gave the following instruction on the question of breach of warranty:

"A covenant in a deed conveying real property that the same is free from encumbrances except those listed therein is not breached by the existence upon the property described in said deed by an open, notorious and visible, physical encumbrance.

"The mere existence of one or more irrevocable licenses owned by the [neighbors], as decreed by the court in its decree of March 29, 1978, for some installation or use on Plaintiffs' land, as are admitted by all parties, do not constitute an encumbrance which is a breach of any convenant in the deed from Defendant and her husband as grantors to the Plaintiffs as grantees, if you find that any of such irrevocable licenses were open, notorious and visible, physical encumbrances capable of being seen and known to the Plaintiffs, before they took delivery of said deed."

Plaintiffs requested an alternative instruction[3] on the grounds that the physical encumbrance rule does not apply where the deed fails to list the encumbrance.[4]

[3] Plaintiffs requested that the court instruct that:

"The Plaintiffs' knowledge of an existing encumbrance in no way relieves the Defendant of liability under the covenant contained in the Warranty Deed that the real property described in such Deed is being conveyed free of encumbrances except those specified on the Deed where the encumbrance, such as the right of [the neighbors] to use the spring located on Plaintiffs' property, is not specified on the Deed."

[4] Plaintiffs also requested an instruction permitting the jury to determine whether, in light of all the circumstances, the physical encumbrance was taken into account by the parties at the time the price was set. Plaintiffs adduce no authority for the proposition that defendants' liability for breach of warranty depends upon the actual understanding of the parties at the time of conveyance.

In *Ford v. White*, 179 Or 490, 495, 172 P2d 822 (1946), the Oregon Supreme Court held:

"A covenant to convey real property free from incumbrances is not breached by the existence upon the property of an open, notorious, and visible physical incumbrance * * *."

The encumbrance in *Ford* was the presence over 20 feet of vendees' land of two guy wires which were fixed to a common anchorage in order to secure a power line pole located off the property. The encumbrance complained of here is no less obvious than that found to be open, visible and notorious in the *Ford* case. Additional guidance, albeit dicta, is contained in *Fitzstephens v. Watson*, 218 Or 185, 209, 344 P2d 221 (1959), where the encumbrance was a redwood storage tank with an intake pipe from a spring and a two-inch pipe running to the user's land:

"Even though the instrument had not been recorded the defendants would have had notice of plaintiff's interest from the presence of the pipe line running from the water source on defendants' land to the land of the plaintiff. *Zink v. Davis*, 203 Or 49, 277 P2d 1007 (1954); *Ford v. White*, 179 Or 490, 172 P2d 822 (1946); *McDougal v. Lame*, 39 Or 212, 64 P 864 (1901); *Low v. Schaffer*, 24 or 239, 33 P 678 (1893); Annotation, 'Physical Conditions Which will Charge Purchaser of Servient Estate with Notice of Easement' 41 ALR 1442 at 1445, supplemented 74 ALR 1250 at 1251."

Under the facts of the instant case, we cannot say that the irrevocable license to use and maintain the basin, tank and pipe for purposes of water supply is not, as a matter of law, a physical encumbrance within the ambit of *Ford v. White, supra.*[5] Therefore, we hold that the question was properly submitted to the jury.

Affirmed.

[5] Oregon is one of the few jurisdictions that has adopted the rule in *Ford v. White*, 179 Or 490, 172 P2d 822 (1946). 20 Am Jur 2d *Convenants § 84, at 649 (1965).*