Argued November 4, 1974, affirmed January 16, 1975

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 701 ET AL, *Respondents, v.*
CENTRAL NATIONAL LIFE INSURANCE
COMPANY, *Appellants.*

530 P2d 838

*W. Eugene Hansen* of Nielsen, Conder, Hansen and Henriod, Salt Lake City, Utah, argued the cause and filed a brief for appellant. With them on the brief was Charles Paulson, Portland.

*Don S. Willner* of Willner, Bennett & Leonard, Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

O'CONNELL, C. J.

This is an action at law to recover death benefits under a group life insurance policy brought by plaintiff union as assignee of the beneficiaries of deceased union members. The trial court, sitting without a jury, entered judgment in favor of plaintiff, from which defendant appeals.

Plaintiff Local 701 is one of thirty-six local unions belonging to the Western Conference of Operating Engineers. During 1971, the Western Conference and defendant entered into a contract whereby group life insurance would be provided to local union members for three years at an agreed cost and under agreed conditions. Under this contract of insurance the participating local unions paid the premiums to defendant and distributed death benefits for participating members.

On August 19, 1971, defendant notified the participating local unions that as of August 1, 1971 it would no longer provide coverage at the agreed price. Thereafter, Local 701 continued to tender premiums to de-

fendant until substitute coverage was obtained on February 1, 1972 from another insurance carrier. For the period between August 1, 1971 to February 1, 1972, Local 701 paid the death benefits due under the policy. In return, the beneficiaries assigned to Local 701 their claims against defendant.

Thereafter, Local 701 filed two suits against defendant. In the first action plaintiff sought recovery of the difference between the premiums called for under defendant's policy and the premiums plaintiff was forced to pay for substitute coverage because of defendant's breach, plus interest. The first action resulted in a verdict for plaintiff which we affirmed on appeal.[1]

In the second and present action, plaintiff seeks to recover on the assignments for death benefits paid to the beneficiaries of those members who died between August 1, 1971 (the effective date of the defendant's repudiation) and February 1, 1972, when substitute coverage was obtained. The second action was filed in the court below before the first action was tried.

Defendant's principal contention is that plaintiff's recovery in the first action constituted an election of remedies and thus bars the present action. The trial court held that there had been no election because the first and second actions were brought by plaintiff in different capacities. In the first action plaintiff, in its own right, recovered the benefit of its bargain for the contract period after February 1, 1972; whereas in the second, it seeks recovery as subrogee

---

[1] Int. Un. Op. Eng. v. Central Nat. Life Inc. Co., 268 Or 115, 519 P2d 85 (1974).

of those beneficiaries who were paid by plaintiff upon defendant's default for the period prior to February 1, 1972, the effective date of the substituted insurance.

██ We find no error in the trial court's holding. As defendant correctly states in its brief, the doctrine of election of remedies is designed to prevent double recovery for a single wrong. In the present case, however, plaintiff is seeking recovery for two distinct types of damage suffered initially by different parties. There is no inconsistency between the two actions. Therefore, plaintiff is not obliged to make an election in pursuing them.

Defendant attempts to raise the specter of multiple recovery by reference to the award of interest in the judgment order in the first case. In the first action the plaintiff was awarded $120,890, the additional premiums which it was forced to pay for substitute coverage starting February 1, 1972, plus "interest at six percent per annum on each monthly premium difference as such payments accrue from August 1, 1971, until paid * * *."

Defendant contends that this allowed plaintiff recovery for August 1, 1971 through February 1, 1972. We do not read the judgment to allow this possibility. Interest is allowed on "differences" as they accrue. No "differences" accrued until February 1, 1972, when the first premium for substitute coverage was paid. Therefore, there could be no interest calculated on any difference until after February 1, 1972. Defendant has not shown that it in fact paid interest on any amount for the period before February 1, 1972. If such payment was made, it could not be attributable to the mandate of any judgment against defendant, either

in the first action or in the present action and would not affect plaintiff's recovery under either of those judgments. Defendant's remedy for overpayment, if in fact overpayment was made, would have to be sought in another proceeding.

Defendant also argues the inequity of "double recovery" in another sense. It is contended that plaintiff, "not content with a $200,000 windfall as the benefit of its bargain * * * is asking this Court to grant it a second recovery on equitable grounds." As we have already observed, plaintiff is not receiving a double recovery; the recovery in the present action is derivative, representing the amount defendant was obligated to pay to beneficiaries under its policy, whereas the recovery under the first action was for the difference in premiums plaintiff found it necessary to pay in order to continue its insurance program as originally planned.

The judgment of the trial court is affirmed.