Submitted November 24, affirmed December 30, 1976

COLONIAL LEASING COMPANY OF
NEW ENGLAND, INC., *Respondent,*
*v.*
TRACY, *Appellant.*
(75-45 L, 24521)
557 P2d 639

*Glenn D. Ramirez,* Klamath Falls, submitted briefs for the appellant.

*H. F. Smith,* Klamath Falls, submitted a brief for respondent.

McALLISTER, J.

## McALLISTER, J.

Plaintiff Colonial Leasing Company leased to defendant a machine to bale cardboard and other kinds of paper. Plaintiff brought this action to recover the unpaid balance which it alleged had become due under the lease because of defendant's default. The case was tried before a jury, but the trial court granted plaintiff's motion for a directed verdict and entered judgment for plaintiff.

Plaintiff is in the business of leasing equipment. The lease involved here states that the lessee has selected both the equipment to be leased and the supplier from which lessor is to purchase the equipment in order to lease it to the defendant.

In its complaint plaintiff alleged that it had a contract with defendant for the lease of a Kilkom K1-9 baler for 36 months at a monthly rental of $168.64, for a total of $6,071.04. The defendant had paid two monthly instalments under the lease but had failed and refused to pay instalments due on December 1, 1974 and on January 1, 1975. Plaintiff filed this action on February 18, 1975. The complaint alleged further that the lease provided that if lessee failed to pay the rent within ten days of the date due, lessor had the right, among other remedies, to sue for and recover all rents or other amounts then due or thereafter accruing under the lease. The prayer asked for the sum of $5,733.76 plus attorney fees and costs and disbursements.

Defendant's answer denied all allegations of plaintiff's complaint except those later admitted in its affirmative defense. It then alleged as an affirmative defense and cross complaint that defendant was induced to sign the lease with plaintiff by the combined "acts" of plaintiff, Menasha Paper Company, and Glen Hartson. Hartson was the president of Pollution Packer Sales and Service Incorporated, which company was "engaged in the business of marketing paper processing equipment commonly

known as cardboard baler." Defendant alleged that Hartson told him that defendant could make a substantial profit on the baler. Defendant also alleged that Menasha told him that it would purchase whatever paper he could bale. The answer did not allege any facts from which it could be inferred that plaintiff was responsible for the "acts" of either Hartson or Menasha. Neither Hartson nor Menasha was joined in this action.

At the end of his case defendant moved to substitute an amended answer and cross complaint, which motion was denied by the trial court. The denial is not assigned as error on appeal.

At trial plaintiff proved the execution of the lease agreement and its terms. It also proved delivery of the baler to defendant and defendant's payment of two months' rental before his breach of the agreement. Defendant did not prove that the plaintiff acted in combination with either Hartson or with Menasha nor did he prove that Hartson was plaintiff's agent.

At the end of plaintiff's case defendant moved for an involuntary nonsuit on the ground that plaintiff was barred from seeking judgment for accelerated payments under the lease because it had written defendant a letter dated January 16, 1975 in which it stated that if defendant did not pay the amounts owed it would take possession of the baler and sell it. Plaintiff changed its mind however, and before it had taken any action with respect to the baler its attorney wrote defendant a letter dated February 6, 1975, which notified defendant that if past due instalments were not paid within ten days plaintiff would bring an action for the entire amount due under the contract. Defendant contends that the first letter constituted a binding election of remedies.

The doctrine of election of remedies is designed to prevent double recovery for a single wrong. *Int'l Union of Op. Eng. v. Central Nat'l Life Ins Co.,* 271 Or 66, 69, 530 P2d 838 (1975). Ordinarily an election is not made

until a judicial proceeding has gone to judgment on the merits. *Johnson v. Dave's Auto Center,* 257 Or 34, 41, 476 P2d 190 (1970). Plaintiff's letter did not constitute an election of remedies and the trial court did not err in denying defendant's motion for an involuntary nonsuit.

■ Defendant also assigns as error the refusal of the trial court to admit defendant's testimony as to statements allegedly made to him by Hartson. The statements were hearsay and, while they might have been admissible if Hartson was a party or the agent of a party, defendant did not prove that Hartson was plaintiff's agent. The statements were properly excluded.

■■ Defendant also assigns as error the trial court's refusal to admit testimony of several witnesses presented to the court as offers of proof. Defendant quotes portions of the transcript but the brief does not contain a statement as to why the court erred in refusing to admit the testimony. The testimony was related to possible affirmative defenses which the defendant had not pleaded, such as unconscionability of contract, usury, rescission, and mitigation of damages. All of these defenses admit the existence of the contract but present new matter to controvert plaintiff's right to collect damages under it. As such they must be affirmatively pleaded in order to give plaintiff notice that it would have to try these issues:

> "Any fact which in effect admits the cause of action, but attempts to avoid its force and effect, must be affirmatively pleaded; but evidence which controverts facts necessary to be proved by plaintiff may be shown under a general denial. (Citations omitted.)" *Elston v. Wagner,* 216 Or 386, 390, 337 P2d 326 (1959).

■■ Defendant also assigns as error the court's granting of plaintiff's motion for a directed verdict. Plaintiff proved a prima facie case and defendant, in his answer, admitted the basic elements of that case. Defendant did not establish an affirmative defense.

[ 1197 ]

The motion for a directed verdict was properly granted.

Defendant's other assignment of error does not merit discussion.

Affirmed.