Argued and submitted October 3, reversed and remanded October 25, 1983

## DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

## ROMBOUGH,
*Appellant.*

## (SC 29225, TC 1576)
670 P2d 1031

Terrance L. McCauley, Estacada, argued the cause for appellant. With him on the brief was McCauley & McIlhenny, Estacada.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

PETERSON, C. J.

## PETERSON, C. J.

On August 24, 1982, this court affirmed the judgment of the Oregon Tax Court directing the issuance of a peremptory writ of mandamus requiring defendant to file personal income tax returns for the years 1977 to 1980. *Department of Revenue v. Rombough,* 293 Or 477, 650 P2d 76 (1982). Thereafter, the returns were not filed. On December 1, 1982, defendant was personally served with an order to show cause why he should not be held in contempt for failure to comply with the peremptory writ of mandamus issued by the Tax Court.

Defendant appeared without legal counsel and attempted to show that he was unable, without incriminating himself, to comply with the writ. The court found his excuses to be insufficient, held him in contempt, and ordered that he be imprisoned in the county jail for a period of six months or until he complied with the peremptory writ of mandamus. Defendant appealed.

ORS 33.095 states in part:

"(1)  A party cited to show cause why the party should not be held in contempt of court * * * shall be entitled to be represented by counsel.

"(2)  If the alleged contemnor is not represented by counsel when coming before the court, *the court shall inform* the alleged contemnor of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and the proceedings may result in incarceration, the court, upon the alleged contemnor's request, shall appoint counsel to represent the alleged contemnor." (Emphasis added.)

The statutory requirement that "the court shall inform" is mandatory and requires the judge at the beginning of a show cause hearing to inform the alleged contemnor of the statutory right to counsel. *See In re Westerfield,* 285 Or 615, 619, 592 P2d 549 (1979). The judge's statutory duty arises if the contemnor appears without counsel.[1]

---

[1] The Tax Court judge, after stating that he would issue an order holding the defendant in contempt, stated:

If the proceedings may result in incarceration, the court is also required to advise the contemnor that if he or she is indigent, upon request, the court will appoint counsel at public expense.

Because the Tax Court did not advise the defendant of his rights under ORS 33.095(2) before holding him in contempt and ordering his imprisonment, the statute was violated. We therefore reverse the Tax Court and remand for further proceedings consistent with this opinion.

---

"But if you want legal advice, you're just going to have to get a counsel and get legal counsel. * * *"

We reject the Department's assertion that this constituted effective advice of the right to counsel under ORS 33.095(2).