STATE ex rel KETCHAM,
*Respondent,*

*v.*

KETCHAM,
*Appellant.*

(78-509E; CA A29895)

683 P2d 555

Beth Aronoff, Klamath Falls, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was cited to appear and show cause why he should not be adjudged in contempt of court for wilful failure to pay spousal and child support previously ordered by the court. He appeals from the final order adjudging him to be in contempt and sentencing him to six months in jail, contending that the trial court erred in failing to inform him of his right to assistance of court appointed counsel.

At the time of defendant's appearance, the following colloquy occurred:

"THE COURT: Will you come forward, please. This is a — on a contempt matter. Mr. Ketcham, you have the right to an attorney but you can represent yourself. What is your desire in this?

"MR. KETCHAM: I'll represent myself.

"THE COURT: All right. The easiest way to do this is to have you sworn and, subject to answering questions, you can say anything you want yourself. Go ahead."

ORS 33.095 provides:

"(1)   A party cited to show cause why the party should not be held in contempt of court or arrested to answer or by any other means brought before the court to answer for any contempt alleged pursuant to ORS 33.010 or 33.040 or ORCP 78B shall be entitled to be represented by counsel.

"(2)   If the alleged contemnor is not represented by counsel when coming before the court, the court shall inform the alleged contemnor of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and the proceedings may result in incarceration, the court, upon the alleged contemnor's request, shall appoint counsel to represent the alleged contemnor."

Because the statute requires the court to inform the alleged contemnor of the right to appointed counsel if he is indigent, and because the court did not do so here, we reverse and remand for a new trial.

Reversed and remanded for a new trial.