## STATE ex rel WASHINGTON COUNTY,
*Respondent,*

*v.*

## BETSCHART,
*Appellant.*

## (41-010; CA A29558)

697 P2d 206

Terrance L. McCauley, Estacada, argued the cause for appellant. With him on the briefs was McCauley, McIlhenny, Mayfield & Brauer, Estacada.

Loretta Skurdahl, Assistant Washington County Counsel, Hillsboro, argued the cause and submitted the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Washington County commenced this action against defendants, alleging that defendants' use of their property violated zoning ordinances that prohibit the storage of non-operational vehicles. After a hearing, the trial court entered a judgment enjoining defendants from further violations and requiring them to bring the property into compliance with the applicable laws by removing the offending vehicles. This appeal relates to subsequent orders of the trial court finding defendant Walter Betschart in contempt for failure to comply with the provisions of the judgment and appointing a receiver to abate the improper use by removal and sale of the vehicles. We affirm.

In the original proceedings, the trial court found as fact that defendants were in violation of Article II of the Community Development Code of Washington County by maintaining an "auto-wrecking yard," not a permitted use under the relevant zoning designations.[1] Its judgment, dated October 19, 1982, provided in relevant part:

"Defendants * * * are permanently enjoined from further violation of Article II of the Community Development Ordinance of Washington County, Relating to Zoning; in particular from using the subject property herein for:

"A. The storage of two or more motor vehicles not in running condition and the parts thereof, in the open and not being restored to operation, and the structures upon said land used for the storing of such motor vehicles and the parts thereof; and

"B. The storage of motor vehicles and/or the parts thereof whether operable or inoperable.

"II.

"Defendants shall remove all vehicles and the parts thereof and carry out the requirements set forth above in this Order on or before the expiration of 45 days from the date of this Judgment Order. At the end of said 45 day period Defendants, their employees, agents or successors in interest, must use the subject premises in accordance with the regulations of the AF-10 zoning district or any newly enacted land use laws by the County.

---

[1] In its letter opinion, the court noted that defendants were using the 7.53-acre property to store approximately 300 automobiles in various states of disrepair.

"However, effective immediately, Defendants, their employees, agents or successors in interest are permanently enjoined from compounding the violation by bringing on any additional vehicles or the parts thereof on the subject property in violation of the AF-10 Zoning District.

"III.

"This Court shall retain jurisdiction of the matter pending compliance with the decree."

That judgment was not appealed, and its merits are not before us.

On May 27, 1983, pursuant to an order to show cause, the court conducted a hearing to determine whether defendants were in contempt of the 1982 judgment. The court found defendant Walter Betschart[2] in contempt and placed him on probation with the condition, *inter alia,* that he begin bringing the property into compliance by removing five vehicles a day until all vehicles and parts were removed. It further provided that a hearing would be held on June 30, 1983, to determine whether defendant had removed the vehicles at the specified rate and that, if it were then determined that he was not removing the vehicles as specified, he would be held in the Washington County jail until the property was brought into compliance with the 1982 judgment. No appeal was taken from that order.

Another hearing was held on July 5, 1983. Defendant appeared without counsel. The trial court found that the vehicles had not been removed as required by its May 27, 1983, contempt order and ordered defendant to be held at the Washington County jail until the property was brought into compliance. Defendant, through legal counsel, then moved for relief from the contempt order; after a hearing on August 5, the motion was denied.

Washington County then moved for an order providing that it abate the illegal land use by sale and removal of the vehicles and parts or, in the alternative, that a receiver be appointed for the purpose of carrying out the 1982 judgment.

---

[2] The order finding Louis Betschart in contempt subsequently was set aside on the ground that he was not guilty of any contempt, and he does not appeal from either order at issue in this case. Future references in this opinion to "defendant" are to Walter Betschart.

The trial court granted the motion to appoint a receiver and ordered that the receiver effect abatement of the illegal land use by sale and removal of the vehicles and parts. This appeal followed.

Defendant assigns error to the trial court's order denying his motion for relief from the order of contempt and to its granting of Washington County's motion to abate and to appoint a receiver with power to sell the offending vehicles. We address these assignments in turn.

Defendant's motion for relief from the contempt order was brought pursuant to ORCP 71C[3] on the stated grounds that "said Order was entered erroneously and in violation of statutory and constitutional rights guaranteed to Defendants in criminal, quasi-criminal, and contempt proceedings." Our initial inquiry is whether the order denying defendant the requested relief is an appealable order.

■ We begin with the basic precept that appellate court review is not a matter of right; an appellant must establish that the decision appealed from is appealable under some statutory provision. *Waybrandt v. Bernstein,* 294 Or 650, 653, 661 P2d 931 (1983). Defendant first argues that, for purposes of determining the jurisdiction of this court, the order at issue here is appealable under ORS 19.010(2)(c):

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

■■ Assuming that the order denying defendant's motion for relief from the order issued in the contempt proceeding fits within the literal language of ORS 19.010(2)(c), we nonetheless do not agree that this court has jurisdiction under that statutory provision. Defendant could have appealed directly from the original contempt order, but he elected not to do so.

---

[3] ORCP 71C provides:

"This rule [ORCP Rule 71] does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

ORS 33.150; ORS 19.010(4); *see Dept. of Revenue v. Rombough,* 295 Or 774, 670 P2d 1031 (1984). His motion for relief from that order, which the trial court denied, is functionally identical to a motion to vacate an order. It is well established that as a general rule "an order denying a motion to vacate an appealable order, judgment or decree is not appealable." *Waybrandt v. Bernstein, supra,* 294 Or at 654; *Columbia Auto Works v. Yates,* 176 Or 295, 308, 156 P2d 561 (1945). The order at issue here falls squarely within that rule.

Defendant, however, also argues that this court has jurisdiction as an exception to the general rule under the rationale of *Waybrandt v. Bernstein, supra,* in that he is not attempting a belated appeal of the merits of the contempt order, but that he is entitled on procedural grounds to have the order set aside. *Waybrandt* involved a challenge to the trial court's denial of a motion to vacate a decree closing an estate. The appellant contended that the decree had been issued without notice to him, that he had a potential tort claim and that notice to potential tort claimants was required under ORS 116.093(1). The appellant argued that the decree therefore was void as to him and, accordingly, that he was entitled to have the estate reopened under ORS 116.233, which specifically provides for a procedure for vacating a decree and reopening a closed estate for further proceedings. The Supreme Court concluded that the appellant had established a colorable claim that the challenged decree was void as to him and, therefore, that this court was required to determine whether the appellant's contention was correct, because the appealability of the cited order turned on that fact. 294 Or at 658-59.

Defendant did not claim in the trial court, and does not claim on appeal, that the underlying contempt order is "void"; his assertion of a right to relief is based on two alternative procedural grounds. First, he contends that he appeared at the contempt hearing without counsel and that the court failed to inform him of his right to counsel under ORCP 78D(3) and ORS 33.095(2).[4] Alternatively, he contends

---

[4] ORCP 78D(3) provides:

"An an alternative to the independent proceeding contemplated by ORS 33.010 through 33.150, when a contempt consists of disobedience of an injunction or other judgment or order of court in a civil action, citation for contempt may be

that, because the court had authority to impose criminal sanctions upon him, he was entitled to a jury trial, that any waiver of a jury trial had to be in writing, ORS 136.001(2), and that the record fails to show such a waiver. Without deciding whether those alleged procedural errors would void the contempt judgment, we conclude that defendant has not established a right to review.

■■ We begin with the observation that the underlying order finding defendant in contempt imposed on him the sanction of incarceration for the purpose of inducing his compliance with the injunction in the judgment order, not as punishment for his failure to comply. Therefore, it is a civil contempt. *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983). A trial court's statutory duty under ORS 33.095 to advise an unrepresented party of the right to counsel, however, exists regardless of the nature of the contempt. *See* ORS 33.095(1).[5] The trial court in the initial contempt proceeding

---

by motion in the action in which such order was made and the determination respecting punishment made after a show cause hearing. Provided, however:

"* * * * *

"D.(3) The party cited for contempt shall have right to counsel as provided in ORS 33.095."

ORS 33.095(2) provides:

"If the alleged contemnor is not represented by counsel when coming before the court, the court shall inform the alleged contemnor of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and *the proceedings may result in incarceration, the court,* upon the alleged contemnor's request, shall appoint counsel to represent the alleged contemnor."

Defendant does not assert a constitutional right to counsel.

[5] ORS 33.095(1) provides:

"A party cited to show cause why the party *should not be held in contempt of* court or arrested to answer or by any other means brought before a court to answer for any contempt alleged pursuant to ORS 33.010 or 33.040 or ORCP 78 B. shall be entitled to be represented by counsel."

Under ORS 33.010, contempt includes "[d]isobedience of any lawful judgment, decree, order or process of the court." ORS 33.010(e). ORCP 78B provides:

"The court or judge thereof may enforce an order or judgment directing a party to perform a specific act by punishing the party refusing or neglecting to comply therewith, as for a contempt as provided in ORS 33.010 through 33.150."

The authority of the court relevant to contempt includes the power to punish by fine or imprisonment, ORS 33.020(1), and the power to compel performance by imprisonment of the person failing to comply. ORS 33.020(2). Nothing in the statutory scheme

therefore was required to advise defendant of his rights as provided in ORS 33.095(2).[6] *See Dept of Revenue v. Rombough, supra,* 295 Or at 776-77.

■ In this case, however, defendant has failed to establish a factual predicate on which a determination that the statutory procedure was violated could be made. The contempt proceeding was conducted by the circuit court, which is a court of record. Or Const, Art VII (orig) § 1. That the trial court did or did not give the statutorily required advice therefore could be established from the record of those proceedings. Nonetheless, in the hearing on defendant's motion for relief from the contempt order, he did not provide a transcript of the contempt hearing, make any showing that a transcript could not be procured or offer any secondary evidence. His argument was predicated solely on his attorney's statement that it was the attorney's "understanding," formed in reliance on the "memories of others," that the required advice was not adequately given to defendant. That unsworn statement by defendant's attorney is not evidence. *See Reinsch v. Quines,* 274 Or 97, 103, 546 P2d 135 (1976). Defendant made no effort to substantiate his allegation, even by offering his own testimony.

■■ We conclude that, when defendant was challenging the adequacy of the trial court's procedure in a previous hearing, it was his burden to produce the record of that hearing, to explain its absence or to produce other evidence of what had transpired. Defendant has failed to do any of those things. His bare allegation that he did not receive the requisite information is not sufficient; he was required to offer at least some substantiating evidence that his statutory rights were violated. We decline to hold that, in the hearing on defendant's motion for relief from an order finding him in civil contempt, the *absence* of evidence of what occurred in the prior proceeding raises a presumption that the court in that proceeding failed to comply with statutory requirements. Without evidence of such a failure, there was no basis on which the trial court could find that a violation of defendant's

indicates that the right to counsel is limited to criminal contempts.

[6] Although we cannot determine from our independent review of the record that defendant in fact was not represented, respondents have accepted defendant's statement of fact in that respect, and we proceed on that premise.

statutory rights had occurred, and there is no basis for us to find the initial contempt proceeding invalid.

■ Defendant's second contention, that he was entitled to a jury trial, is not well taken. A defendant in a civil contempt proceeding is not entitled to a jury trial. *State v. Tripp,* 36 Or App 141, 144, 583 P2d 591 (1978), *rev den* 285 Or 73 (1979).

We turn then to defendant's second assignment of error. He makes two arguments in support of his contentions that the trial court erred in granting Washington County's motion to abate the illegal use of his property and in appointing a receiver empowered to sell the vehicles to effect that abatement. Preliminarily, he argues that Washington County, by seeking and obtaining an injunction, "elected" its remedy and is thus precluded from seeking abatement. Alternatively, he argues that the trial court lacked authority to empower a receiver to sell his vehicles. We reject both arguments.

■ The doctrine of election of remedies is designed to prevent a double recovery for a single wrong; it applies only when the remedies are inconsistent, contradictory or duplicative. *Int'l Union of Op. Eng. v. Central Nat'l,* 271 Or 66, 69, 530 P2d 838 (1975). We find no inconsistency between the injunction granted, which prohibited defendant from keeping the inoperable vehicles on his property and required him to remove them within a certain time, and the remedy of abatement, which requires removal of the offending vehicles. ORS 215.185, under which this proceeding was brought, contemplates both remedies. Washington County's complaint sought not only an injunction, but also contained a prayer for general equitable relief. A trial court as a court of equity has the power to fashion the remedy which it deems necessary and appropriate under the circumstances. *Stan Wiley v. Berg,* 282 Or 9, 21-24, 578 P2d 384 (1978). That the remedy of abatement was ordered subsequent to the original judgment does not require a different result. Because the judgment for the injunction was not self-executing, the trial court retained jurisdiction to enforce it, *see Nieminen v. Pitzer,* 281 Or 53, 58, 573 P2d 1227 (1978), and abatement is appropriate.

Defendant's final argument, that the trial court lacked power to appoint a receiver to accomplish removal and sale of the vehicles, also fails. The thrust of his argument is

that, even if the court had authority to appoint a receiver to effectuate its judgment, ORCP 80B(2),[7] the judgment required only removal, not sale, of the vehicles and, therefore, that the order of sale exceeds the court's authority. We disagree.

First, we note that defendant has steadfastly declined to comply with the trial court's order to remove the vehicles and that, even after being held in contempt and sentenced to jail, he clearly indicated that he had no intention of complying.[8] When, as here, other approaches to bring about compliance with a court's orders have failed, whether through intransigence or incompetence, appointment of a receiver may be appropriate. *Hodes v. Hodes,* 176 Or 102, 116, 155 P2d 564 (1945); *Tolman v. Casey,* 15 Or 83, 89, 13 P 669 (1887). Second, we note that a receiver, as an officer of the court, is subject to the orders and directions of the court and, because the powers of a receiver are not statutorily defined, they are those conferred by the appointing court. *Weber v. Empire Corp.,* 149 Or 503, 508, 41 P2d 1084 (1935). Among the powers traditionally conferred on a receiver is the power to dispose of property under order of the court. ORCP 80A;[9] *see, e.g., Weber v. Empire Corp., supra,* 149 Or at 508. Although our research has disclosed no Oregon appellate decision in a case in which the power of sale has been granted to a receiver in conjunction with involuntary termination of an illegal land use, we find nothing to suggest that granting a receiver that power is

---

[7] ORCP 80 provides in relevant part:

"B. Subject to the requirements of Rule 82A.(2), a receiver may be appointed by a circuit court in the following cases:

"* * * * *

"B.(2) After judgment to carry the same into effect."

[8] At the hearing on Washington County's motion for abatement, the following dialogue occurred:

"[The court]: [A]s I understand it, Mr. Betschart, as I gleen from your comments, Mr. Betschart, and also from Mr. McCauley, that ruling as I do [that a receiver with the power to sell and remove the cars be appointed] that you are still not of a mind to remove the vehicles at this time; is that correct, Mr. McCauley?

"[Mr. Betschart]: No doubt about it, your Honor."

[9] ORCP 80A provides:

"A receiver is a person appointed by a circuit court, or judge thereof, to take charge of property during the pendency of a civil action or *upon a judgment or order therein,* and *to manage and dispose of it* as the court may direct." (Emphasis supplied.)

impermissible in appropriate circumstances. We conclude that the appointment of a receiver with a power of sale was within the trial court's authority and that under the circumstances the appointment was appropriate.

Affirmed.