Submitted on record and appellant's brief April 29, 1988, reversed and remanded for new compliance hearing January 25, 1989

In the Matter of the Marriage of

VAN ECK,
nka Kosydar,
*Petitioner,*

*and*

VAN ECK,
*Respondent.*

STATE ex rel VAN ECK,
nka Kosydar,
*Respondent,*

*v.*

VAN ECK,
*Appellant.*

(D8209-72530; CA A46409)

767 P2d 464

Walter J. Van Eck, Wilsonville, filed the brief *pro se* for appellant.

Deanne L. Darling, West Linn, waived appearance for respondent Christine A. Van Eck.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a judgment of contempt and a 14-day jail sentence. He contends that the court erred in not advising him of his right to counsel and in not affording him appointed counsel. We reverse.

A judgment of dissolution of the parties' marriage was entered April 23, 1984. It required husband to pay certain debts. After a show cause hearing, the court held husband in contempt for willful failure to pay the debts as ordered. He was sentenced to 14 days in jail; the sentence was "suspended until September 30, 1987 to allow [husband] to appear * * * and furnish proof of compliance or be transported directly to jail." Husband was represented by retained counsel at that hearing. His counsel asked to be relieved from further representation, because husband was without funds to pay attorney fees. The judge who had found husband in contempt signed an order allowing counsel to withdraw. On September 11, 1987, the court continued to October 6, 1987, the hearing on whether husband had complied.

At that hearing, husband appeared without counsel, and the court did not advise him respecting any rights to counsel or appointed counsel if he were indigent. Wife was present with her counsel, who cross-examined husband after the court questioned him. At the close of the hearing, the court found that husband had not complied with the court's order and had him transported forthwith to jail to serve the 14-day sentence.[1]

The following day, an attorney hired by husband's relative filed a motion for a "new trial" on the ground that husband had not been represented by counsel or advised of his right to appointed counsel. The court denied the motion, stating:

"He did have counsel at the time of the contempt hearing. I have found no cases * * * indicating there is any requirement of counsel at the point where a person comes back to court to prove whether or not they have cured the contempt as the judge has ruled for them to do."

---

[1] After husband had been transported from the courtroom, the court set attorney fees for wife's counsel. Husband was not afforded an opportunity to address the court regarding fees. He does not raise on appeal an issue about the award of attorney fees.

In his two assignments, husband contends that the court erred by not advising him of his right to counsel and by not appointing counsel to represent him. ORS 33.095(1) provides that a person brought before a court to answer for a contempt is entitled to be represented by counsel. Subsection (2) provides, in part:

"If the alleged contemnor is not represented by counsel when coming before the court, the court shall inform the alleged contemnor of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration."

The trial court concluded that the "compliance hearing" was not part of the contempt proceedings and that husband was, therefore, not entitled to be represented by counsel. We disagree. Although husband had been found in contempt for failure to comply with the dissolution judgment and had been sentenced to 14 days in jail, whether he would actually be incarcerated was dependent on the outcome of the "compliance hearing." He was entitled to be represented by counsel. ORS 33.095(2) required the court to advise him of his rights and to appoint counsel if he was indigent and made a request for counsel. He was not advised and was not given an opportunity to request counsel. He is entitled to a new hearing on whether he has complied with the court's previous order and advice of his rights consistent with ORS 33.095(2). *Gorger and Gorger,* 82 Or App 417, 728 P2d 104 (1986); *State ex rel Ketcham v. Ketcham,* 68 Or App 740, 683 P2d 555 (1984).

Reversed and remanded for a new compliance hearing.