Submitted on record and briefs December 9, 1991, reversed and remanded for hearing February 12, 1992

STATE ex rel Carol REDDEN,
*Respondent,*

*v.*

Donald A. BRECK,
*Appellant.*

(139,454; CA A67771)

826 P2d 643

Rebecca L. Hillyer and Hillyer & Larson, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant challenges the execution of a previously imposed sentence for contempt. In 1987, he was ordered to show cause why he should not be held in contempt for failure to pay child support arrearages. He appeared without counsel. He was found to be in contempt and was sentenced to 30 days in jail. The sentence was not executed. In 1990, he was again ordered to show why his sentence should not be executed for non-compliance with the support order. He again appeared without counsel. The transcript of the "compliance hearing" shows that the trial court did not advise him of his statutory right to counsel at the beginning of the proceeding. The trial court file contains no waiver of counsel.

In *Dept. of Rev. v. Rombough*, 295 Or 774, 776, 670 P2d 1031 (1983), the court held that the statutory requirement to inform an alleged contemnor of the right to counsel is mandatory, that it arises if the contemnor appears without counsel and that it must be given at the beginning of the show cause hearing. *Former* ORS 33.095. The same rules apply in a "compliance hearing." *Van Eck and Van Eck*, 95 Or App 13, 16, 767 P2d 464 (1989). Consequently, we reverse the order executing the sentence and remand for a new compliance hearing consistent with the requirements of either ORS 33.055 or ORS 33.065.

Reversed and remanded for new compliance hearing.