Submitted May 6, affirmed September 8, 2022

## ASSOCIATION OF UNIT OWNERS OF CORNELL MEADOWS CONDOMINIUM, an Oregon nonprofit corporation, *Plaintiff-Respondent,*

*v.*

## Patricia L. JENSEN, an individual; and Robert H. Tate, an individual, *Defendants-Appellants,*

*and*

## PARTIES IN POSSESSION OR CLAIMING A RIGHT TO POSSESSION, *Defendants.*

Washington County Circuit Court
18CV19920; A170556

518 P3d 609

Defendants appeal from a general judgment foreclosing a lien on their condominium unit held by plaintiff condominium association, arguing that the election of remedies doctrine precludes foreclosure. *Held*: The statute that governs association liens and foreclosures provides that association liens survive a personal judgment against the unit owner. ORS 100.450(4)(c).

Affirmed.

Beth L. Roberts, Judge.

Patricia Jensen and Robert Tate filed the briefs *pro se*.

Ryan D. Harris, Stanton C. Shelby, and Vial Fotheringham LLP filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendants Patricia Jensen and Robert Tate appeal from a general judgment foreclosing a lien on their condominium unit held by plaintiff Cornell Meadows, a condominium association, assigning two errors. We reject the second assignment without discussion. In their first assignment of error, defendants contend that the election of remedies doctrine, which essentially prevents parties from obtaining double recovery, precluded Cornell Meadows from foreclosing on the lien, because it had previously obtained a personal judgment against them. Because the condominium statute authorizing association liens creates an exception to that doctrine, we affirm.

Defendants own a condominium within Cornell Meadows, which is governed by the condominium association's covenants, conditions, and restrictions. One of those covenants grants the governing association the authority to levy monthly assessments to support the regular upkeep costs of the buildings and special assessments for major repairs or improvements to the buildings. If owners fail to pay their assessments, Cornell Meadows receives an automatic lien on the property, known as an association lien. ORS 100.450(1) ("Whenever an association of unit owners levies any assessment against a unit, the association of unit owners shall have a lien upon the individual unit and the undivided interest in the common elements appertaining to such unit for any unpaid assessments.").

Since 2013, defendants have failed to pay any regular or special assessments. In 2015, Cornell Meadows sued defendants for nonpayment and obtained a personal judgment against them. Before Cornell Meadows could collect on that judgment, however, defendants filed for bankruptcy, which discharged the personal liability for the unpaid assessments but left the association lien undisturbed. Cornell Meadows then sought to foreclose on the association lien and moved for summary judgment on the issue, which the trial court granted.

In reviewing the trial court's ruling granting Cornell Meadows's motion for summary judgment, we view the record in the light most favorable to the nonmoving

party, in this case defendants, to determine whether Cornell Meadows met its burden of demonstrating that no genuine issues of material fact exist and that Cornell Meadows is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997); ORCP 47 C.

Defendants argue that the election of remedies doctrine deprived Cornell Meadows of the ability to foreclose on the association lien once it obtained a personal judgment against defendants. The theory behind that doctrine is that "having chosen one remedy, parties are barred from pursuing a different and inconsistent remedy for the same wrong." *McAllister v. Charter First Mortgage, Inc.*, 279 Or 279, 286, 567 P2d 539 (1977). Thus, the doctrine "prevent[s] double recovery for a single wrong." *Family Bank of Commerce v. Nelson*, 72 Or App 739, 742, 697 P2d 216, *rev den*, 299 Or 443 (1985). Defendants argue that Cornell Meadows made its election of remedies when it acquired a personal judgment against defendants in 2015, and therefore any other methods, including foreclosure of the association lien, are prohibited.

However, the statute that governs association liens and foreclosures precludes the application of the election of remedies doctrine. Specifically, the statute provides that the association lien survives a lawsuit against the unit owner:

> "An action to recover a money judgment for unpaid assessments may be maintained without foreclosing or waiving the lien securing the claim for unpaid assessments. A judgment entered on the action does not extinguish the lien. Payment on the judgment operates to satisfy the lien, or a portion of the lien, to the extent of the payment received."

ORS 100.450(4)(c). The plain language of the statute indicates that association liens survive personal judgments, creating an exception to the election of remedies doctrine.

Defendants point out, however, that that provision's second and third sentences, providing that a subsequent judgment does not extinguish an association lien, were not added to the statute until 2017. HB 3056 (2017). Hence, at the time Cornell Meadows obtained the personal judgment,

the statute contained only the first sentence, providing that an "action" for unpaid assessments may be "maintained" without extinguishing the association lien. Defendants interpret "maintain" to refer only to the time while the personal lawsuit is pending, such that the election of remedies doctrine would begin once the personal lawsuit results in a monetary judgment. Defendants further argue that the amendment does not apply to the present case because it was enacted two years after the personal judgment against them.

Neither argument has merit. Addressing the applicability of the amendments first, the legislature explicitly provided that the changes "apply to assessments levied *before*, on or after the effective date of this 2017 act." HB 3056 (2017) (emphasis added). Under the plain language of the amendment, it applies retroactively.

In any case, the pre-amendment statute would likewise preserve the lien, even after a personal judgment. It stated explicitly that an action to recover a money judgment for unpaid assessments may be maintained "without foreclosing or waiving" the lien. Thus, the action to recover a money judgment did not foreclose *or waive* the lien. Contrary to defendant's contention, the statute's use of the term "maintained" does not on its face limit the statute's reach to actions before they reach judgment. In fact, that reading would render the provision largely superfluous, because "[o]rdinarily an election is not made until a judicial proceeding has gone to judgment on the merits." *Colonial Leasing Co. v. Tracy*, 276 Or 1193, 1196-97, 557 P2d 639 (1976). Further, the Staff Measure Summaries from both the House and Senate indicated that the 2017 amendment was not a substantive change to the law, but rather a clarification. Staff Measure Summary, House Committee on Judiciary, HB 3056, Apr 4, 2017 ("House Bill 3056 *clarifies* that successfully obtaining a money judgment against a property owner does not extinguish the lien." (Emphasis added.)). Under the statutory text both prior to and after the 2017 amendments, an association lien survives a personal judgment. Because the statutory text precludes the applicability of the doctrine of the election of remedies, the trial court did not err in holding that Cornell Meadows could foreclose

on its association lien against defendants, regardless of the prior personal judgment.

Affirmed.